NATIONAL MUTUAL INSURANCE COMPANY *v.* BALES
ET AL.

[No. 11,615. Filed June 5, 1923. Rehearing denied November 22, 1923. Transfer denied March 21, 1924.]

1. APPEAL.—*Review.—Motion to Strike Out.—Reversible Error.*—It is not reversible error to overrule a motion to strike out a part of a pleading. p. 305.

2. APPEAL.—*Review.—Waiver.—Briefs.*—The failure of an appellant to direct any proposition or point in his brief to any specific ruling of the court waives any error in regard to such ruling. p. 305.

3. INSURANCE.—*Policy.—Construction.—Word "Void."*—A provision in a policy declaring it shall be void on certain conditions means voidable at the option of the insurer, and, to render it void, the insurer must, upon a discovery of the facts by which liability may be avoided, act with reasonable promptness in notifying the insured of its election to avoid the policy, and tender back, or, in some appropriate way, restore, or offer to restore, the unearned premium received, and on failure so to do, it will be deemed to have waived its right to declare the policy void, and to have elected to treat it as a valid contract of insurance. p. 305.

4. INSURANCE.—*Knowledge of Agent.—Binds Insurer.*—Where the agent of an insurance company, at the time of writing a policy, knew that the insured was not the unconditional owner of the property insured, such knowledge may be attributed to the insurer. p. 306.

5. PRINCIPAL AND AGENT.—*Knowledge of Agent.*—*Binds Principal.*—Knowledge of material facts acquired by an agent in the course of his employment, and within the scope of his authority, is the knowledge of the principal, and where no actual knowledge of the principal is shown, the rule will be given effect on the theory of constructive knowledge, resting on the legal principle that it is the duty of the agent to disclose to his principal all material facts coming to his knowledge, and, upon the presumption that he has discharged that duty.    p. 306.

6. APPEAL.— *Review.*— *Evidence Supporting Verdict.*— Where there is evidence fairly supporting the verdict, an appellate tribunal is bound thereby.    p. 307.

7. APPEAL.—*Review.*—*Briefs.*—*Points and Authorities.*—A mere statement in appellant's brief that the court erred in overruling his application for a directed verdict, without giving any reason why it was error, is insufficient to present any question for review on appeal.    p. 308.

8. APPEAL.—*Review.*—*Instructions.*—An appellate tribunal must consider the instructions as a whole in determining whether error was committed in giving any one of them.    p. 308.

9. TRIAL.—*Instructions.*—*Burden of Proof.*—An instruction, in an action on an automobile insurance policy for loss by fire, which informed the jury that the only burden resting on the plaintiffs was "to prove all the allegations of their complaint by a preponderance of evidence in the case," is not reversible error, as it will not be presumed that the jury ignored defenses pleaded and proved.    p. 308.

10. INSURANCE.—*Trial.*—*Instructions.*—*Ownership of Property.* —In an action on an automobile insurance policy, for loss by fire, where the principal defense pleaded was that the plaintiff was not the unconditional owner of the car at the time it was insured, which fact constituted a condition which rendered the policy voidable, but which had been waived, there was no error in refusing to give instructions to the effect that if the interest of the insured in the automobile was other than unconditional and sole ownership, the plaintiff could not recover.    p. 308.

11. APPEAL.—*Briefs.*—*Waiver of Questions.*—The failure of the appellant to set out in his original brief the evidence which he claims should have been considered by the appellate tribunal or to direct any proposition or point to such question, constitutes a waiver of the question.    p. 309.

12. APPEAL.—*Review.*—*Waiver in Original Brief.*—*Rehearing.*— Where a question has been waived in the original brief, it cannot be raised on a petition for a rehearing.    p. 309.

13. INSURANCE.—*Ownership of Property.—Conditional Sale.*—The fact that insured had purchased the automobile insured under a conditional sale contract is not conclusive that his testimony that he was the sole and unconditional owner of the car was false, since the seller had the right to treat the sale as absolute, thereby giving the purchaser full title. p. 309.

14. SALES.—*Conditional.—Passing of Title.*—One who has purchased property under a conditional sale contract may be the sole and unconditional owner thereof, as the seller has the right to treat the sale as absolute, thereby giving the purchaser full title. p. 309.

15. INSURANCE.—*Proof of Loss.—Perjury of Insured.—Discrepancy between Proofs.*—A discrepancy in two proofs as to the amount of loss sustained is not conclusive that the insured was guilty of perjury in making said proofs. p. 309.

16. APPEAL.—*Verdict Sustained by Evidence.—Presumption.*—Where there is some evidence to sustain a certain finding by the jury, which would have sustained the verdict, it will be presumed on appeal that the jury so found. p. 309.

From Vigo Superior Court; *John E. Cox*, Judge.

Action by John Bales and others against the National Mutual Insurance Company of Celina, Ohio. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*James D. Johnson, Joseph W. Amis* and *Herman F. Amis*, for appellant.

*Frank R. Miller, Charles B. Swayne, William H. Beeler* and *Ernest M. Causey*, for appellees.

BATMAN, J.—Appellees Bales, Nichols and Wright instituted this action against appellant on a policy of insurance, covering an automobile, issued by the latter to appellee Bales, which contained the following provisions, among others: "Loss if any under this policy shall be payable to Nichols & Wright, Clinton, Indiana, as their interest may appear. * * * This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the assured be other than unconditional or sole ownership. * * * This company shall not be

liable for loss caused * * * by the neglect of the insured to use all possible means to save and preserve the property at and after the fire."

Appellant filed the following motions, each of which was overruled, and the actions of the court in so doing are assigned as error: (1) To strike from the complaint certain portions thereof; (2) to grant a new trial of the cause; and, (3) for an arrest of judgment. These rulings were followed by a judgment in favor of appellees, on the verdict returned by the jury, from which this appeal is prosecuted.

Appellant recognizes that it is not reversible error to overrule a motion to strike out a part of a pleading, and therefore does not urge a consideration of the ruling on said first motion. As appellant has failed to direct any proposition or point to the action of the court in overruling said third motion, any error in that regard has been waived. Therefore we will limit our consideration to the action of the court in overruling said second motion. Appellant contends that the verdict is not sustained by the evidence. It bases this contention mainly on the undisputed fact that appellee Bales was not the unconditional owner of the automobile at the time of the issuance of the policy. The provision thereof, upon which appellant relies in making this contention, appears in the above quotation, and states a condition under which it shall be void. It is well settled, however, that "a provision in a policy rendering it void upon certain conditions, means voidable at the option of the insurer, and that to render it void, upon discovery of the facts by which liability may be avoided, it must act with reasonable promptness, must notify the insured of its election to avoid the policy, tender back, or in some appropriate way restore, or offer to restore, the unearned premium

1-3.

received, and, upon failure so to do, will be deemed to have waived the right to so declare the policy void, and to have elected to treat it as a valid contract of insurance." *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518; *Commercial Union, etc., Co.* v. *Schumacher* (1918), 71 Ind. App. 526; *Vulcan Ins. Co.* v. *Johnson* (1920), 74 Ind. App. 62. In the instant case, there is no evidence of any effort on the part of appellant to restore the premium, which the undisputed evidence shows was paid therefor, and hence it will be deemed to have waived any defense it might otherwise have had because of the undisputed fact as to the ownership of the automobile in question at the time the policy was issued.

There is evidence of another fact, which prevents us from sustaining appellant's contention as to the effect of an absence of evidence that appellee, Bales, was the unconditional owner of the automobile in suit. We refer to that which tends to show that appellant's agent, Call, knew the truth with reference to such ownership at the time he wrote the policy in suit. If the jury believed that appellant's said agent had such knowledge, it was warranted in attributing such knowledge to appellant itself, under the general rule that the knowledge of material facts acquired by an agent in the course of his employment, and within the scope of his authority, is the knowledge of the principal. *Pittsburgh, etc., R. Co.* v. *Ruby* (1871), 38 Ind. 294; *Blair* v. *Whittaker* (1903), 31 Ind. App. 664; *Farmers, etc., Ins. Co.* v. *Jackman* (1905), 35 Ind. App. 1; *West* v. *National Casualty Co.* (1916), 61 Ind. App. 479; *Modern Woodmen, etc.,* v. *Ball* (1921), 77 Ind. App. 388. Where no actual knowledge is shown, the rule will be given effect on the theory of constructive knowledge, resting on the principle, as stated in a recognized legal treatise, "that it is the duty of the agent

to disclose to his principal all material facts coming to his knowledge, and upon the presumption that he has discharged that duty, and also upon the fiction of the legal identity of principal and agent." 2 C. J. 859 and 862; *West* v. *National Casualty Co., supra; Modern Woodmen, etc.,* v. *Ball, supra; Field* v. *Campbell* (1904), 164 Ind. 389, 108 Am. St. 301. We find the following statement, substantially to the same effect, quoted with approval in the case last cited: "Notice of facts to an agent is constructive notice thereof to the principal himself, where it arises from, or is at the time connected with, the subject matter of his agency; for, upon general principles of public policy, it is presumed that the agent has communicated such facts to the principal; and if he has not, still the principal, having intrusted the agent with the particular business, the other party has a right to deem his acts and knowledge obligatory upon the principal."

Courts have applied the rule stated above in actions on insurance policies, by holding that the knowledge of the agent writing the same is the knowledge of his principal. *Globe, etc., Ins. Co.* v. *Hamilton* (1917), 65 Ind. App. 541, and cases cited. An application of this well-settled rule in the instant case leads us to conclude that there is ample evidence to sustain a finding that appellant had waived the condition as to the ownership of the automobile covered by the policy, by reason of the knowledge of its agent in that regard, at the time it was issued.

Appellant finally seeks to sustain its contention that the verdict is not sustained by the evidence by citing the last provision of the policy quoted above, and 6. the conduct of appellee Bales, at the time the automobile was damaged by fire, as disclosed by the evidence. It suffices to say, in this connection, that this was a question of fact for the jury, which was de-

cided adversely to appellant, and as there was evidence which tends fairly to support the conclusion of the jury, we are bound thereby on appeal.

Appellant states in its brief that the court erred in overruling its application for a directed verdict in its favor, and cites a decision of a foreign state in support thereof. This is not sufficient to present any question for our determination. *Evansville, etc., R. Co.* v. *Hoffman* (1917), 67 Ind. App. 571; *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558; *Cadick Milling Co.* v. *Valdosta Grocery Co.* (1920), 72 Ind. App. 534.

Appellant complains of the action of the court in giving certain instructions, but a consideration of the same, in connection with others given, as we are required to do, leads us to conclude that no reversible error was committed in giving any one of them. Appellant has laid special stress on the action of the court in giving instruction No. 2 requested by appellee. The effect of this instruction was to inform the jury that the only burden resting on appellees was "to prove all the allegations of their complaint by a preponderance of all the evidence in the case." It is not reasonable to presume that the jury might have understood, as appellant contends, that appellees would have a right to recover if it sustained such burden regardless of any defense which it may have established under any paragraph of answer.

Appellant also complains of the action of the court in refusing to give instructions Nos. 9 and 11 requested by it. We observe that each of these instructions would have informed the jury, in effect, had they been given, that if it found that the interest of appellee Bales, the assured, in the automobile in question, was other than unconditional or sole ownership, that appellees could not recover. This fact makes it

clear, in view of what we have hereinbefore said as to such ownership, that the court's ruling in refusing to give each of said instructions was proper.

We do not consider appellant's fourth assignment of error as it does not present any question for our determination. We may add, however, that most of the questions sought to be presented thereunder have been determined adversely to appellant in considering its motion for a new trial. Failing to find any reversible error in the record, the judgment is affirmed.

## ON PETITION FOR REHEARING.

BATMAN, J.—Appellant, in a brief in support of its petition for a rehearing, has contended so earnestly, that the court "brushed aside" one of the principal questions presented on appeal, viz., the effect of alleged false swearing of appellee Bales, in the two proofs of loss submitted by him, with reference to the ownership of the automobile and the amount of loss sustained, that we have carefully reviewed its original brief, to ascertain if there is any possible merit in this claim. Such review discloses that appellant failed to present any such question in its original brief, because of a failure to set out therein, in the recital of the evidence, as the rules require, the contents of such proofs of loss or the substance thereof, and because of a failure to direct any proposition or point to such question, as the rules also require. Such failure amounted to a waiver of the question stated. In fact, an omission in either of such respects would have worked the same result. *Goshen Milling Co.* v. *Bailey* (1917), 186 Ind. 377; *State, ex rel.,* v. *McNelis* (1919), 72 Ind. App. 231. Moreover, as a further evidence of such waiver, we find the following statement in appellant's original brief: "As to the one vital point in this case, that is, whether or not Bales had an uncondi-

tional or sole ownership in the car at the time it was delivered to him by Nichols & Wright, and at the time of the fire, there is absolutely no conflict in the evidence." The question relating to the alleged false swearing having been waived in the original brief, cannot now be presented for the first time on petition for a rehearing. *Federal Union Surety Co.* v. *Schlosser* (1917), 66 Ind. App. 199. However, we may add, in passing, that we entertain grave doubts if appellant could have prevailed on the question which it now seeks to present, even if it had been properly before us when the original opinion was prepared, for the following reasons: (1) Appellee Bales may have been the sole and unconditional owner of the automobile, notwithstanding he purchased the same under a conditional sale contract from his coappellees, as they had the right to treat the sale as absolute, thereby giving the purchaser full title. *Turk* v. *Carnahan* (1900), 25 Ind. App. 125, 81 Am. St. 85; *Jessup* v. *Fairbanks, Morse & Co.* (1906), 38 Ind. App. 673; *Swain* v. *Schild* (1917), 66 Ind. App. 156; *Schneider* v. *Daniel* (1921), 181 Ind. 59, 131 N. E. 816. The court may have found that this was done, based on the evidence which shows that the vendors of the automobile called the agent of appellant and requested that he write the policy in suit in the name of Bales with a "loss payable clause" in their favor. (2) A discrepancy in the amount of loss sustained, as appears in the two proofs of loss, or as appears between either, and the actual loss proven, does not show conclusively that appellee Bales was guilty of false swearing, in the light of the following authorities: 13 Am. & Eng. Ency. of Law (2nd ed.) 344; *Hodge* v. *Franklin Ins. Co.* (1910), 111 Minn. 321, 126 N. W. 1098; *Hirschman* v. *Fireman's, etc., Ins. Co.* (1910), 123 N. Y. Supp. 781; *Stone* v. *Hawkeye Ins. Co.* (1886), 68 Iowa 737, 28 N. W. 47, 56 Am. Rep. 870;

NOVEMBER TERM, 1923.    311

*Erman* v. *Insurance Co.* (1883), 35 La. Ann. 1095.   It follows, therefore, that the trial court may have found that appellant had not sustained its defense, based on false swearing, and since there is some evidence to support such a finding, we must assume on appeal that it was so found.   See also the following, as to when false swearing may not be a defense.   26 C. J. 385; *Maher* v. *Hibernia Insurance Co.* (1876), 67 N. Y. 283; *Pearman* v. *Farmers', etc., Ins. Co.* (1919), (Mo.) 214 S. W. 292; *Fuhrman* v. *Sun Insurance Office* (1914), 180 Mich. 439, 147 N. W. 618, Ann. Cas. 1916C 466; *Rohrbach* v. *Aetna Insurance Co.* (1875), 62 N. Y. 613.   Other questions presented by appellant were fully considered and determined in the original opinion, and, upon reviewing the same, we adhere to the conclusions there announced. Appellant's petition for a rehearing is therefore denied.