ANDERSON *v*. STATE OF INDIANA.

[No. 29,601. Filed May 19, 1959. Rehearing denied June 25, 1959.]

*Robert D. Ellison* and *Emerson J. Brunner,* both of Shelbyville, for appellant.

*Edwin K. Steers,* Attorney General and *Merl M. Wall,* Assistant Attorney General, for appellee.

LANDIS, C. J.—Appellant was convicted, after a jury trial, of murder in the first degree and sentenced to life imprisonment. He has assigned as error on this appeal the overruling of his motion for new trial.

His first contention here is that one of his trial attorneys was incompetent for failing to file plea in abatement to the indictment before appellant entered his plea of not guilty. We do not believe any showing of incompetency of counsel has been made by appellant, but in any event appellant has failed to raise any question as to such incompetency of his first attorney in his motion for new trial (which was filed by his subsequent appealing attorneys), and as the overruling of the motion for new trial was the only error here assigned, no question is before us for decision as to the incompetency of counsel.

Appellant next contends the trial court abused its discretion in refusing to permit appellant to withdraw his plea of not guilty so as to file a plea in abatement in the cause. No evidence appears to have been offered by appellant in support of

the motion nor is there any averment in the motion to withdraw the plea of guilty that the alleged facts, which are the basis of the motion, were not known to appellant's attorneys when the plea of not guilty was entered, but it appears that more than two months elapsed after the plea was entered before motion was made to set aside the plea. Under these circumstances we believe the court was within the proper exercise of its discretion in refusing to allow the plea to be withdrawn. As this court stated in *Mack* v. *State* (1932), 203 Ind. 355, 180 N. E. 279, 83 A. L. R. 1349, in determining whether the court acted within its discretion, it is proper to take into account, among other things, the question of the delay which had already occurred at the time the motion to withdraw the plea was filed.

Appellant next contends the trial court erred in overruling his objection to a question asked witness Trigg as to whether the murder of Harding was discussed in a conversation with Lt. Davenport. Appellant objected for the reason that this question called for hearsay and would be prejudicial to appellant. While this question was not phrased in the best possible language or form, it apparently was a preliminary question attempting to establish the fact that a conversation took place before making any effort to show what the conversation was. It was therefore not objectionable for the reasons given by appellant. Furthermore, the record shows the witness in answering the question testified no such conversation took place, and therefore appellant could not have been harmed by the ruling of the court.

Appellant next complains of the alleged misconduct of the prosecuting attorney in which the latter alleged-

ly said in the presence of the jury during the examination of a witness "If he'd [referring to appellant] lie about that, he'd lie about anything." The record shows the remarks of the prosecutor were then stricken from the record on appellant's motion, and further that on appellant's motion the jury were admonished to disregard the remark. Appellant then moved for a mistrial which was denied. We are unable to agree with appellant's contention that the court committed reversible error in refusing in the exercise of its discretion to grant his motion for a mistrial.

Appellant further complains of the alleged misconduct of the prosecuting attorney in making the following statement to the jury in his argument, viz: "That the defendant was entitled to a change of venue from Marion County, he took it, and that is why the case is here." The record shows appellant requested the court to admonish the jury to disregard such remarks and such admonition was given by the court. Appellant then moved for mistrial which was overruled.

The cases of *Campbell* v. *Maher* (1856), 105 Ind. 383, 4 N. E. 911, and *Caveney* v. *State* (1936), 210 Ind. 455, 4 N. E. 2d 137, are cited by appellant in support of his position but we believe they are distinguishable from the case at bar. In neither of the cited cases did the court admonish the jury to disregard the remarks of the prosecuting attorney. Appellant here has not demonstrated to our satisfaction that the alleged misconduct of counsel was not cured by the admonition to the jury. We therefore conclude that the trial court did not commit reversible error in overruling his motion for a mistrial.

Appellant further contends that the court erred in

refusing to give several instructions defining the crimes of robbery, jail breaking and vehicle taking, which did not involve appellant but were allegedly pending in another county against one of the witnesses testifying for the prosecution. These instructions related to crimes allegedly committed by others and were outside the issues of the case before us, and were therefore properly refused. The refusal of the court to give other instructions pertaining to the testimony of an accomplice was not error in view of other instructions given by the court on such subject matter.

As no reversible error has been shown, the judgment is affirmed.

Achor, Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 158 N. E. 2d 457.