### BAKER v. STATE OF INDIANA.

[No. 30,538. Filed November 15, 1967.]

*Dane E. Mann,* of Marion, for appellant.

*John J. Dillon,* Attorney General, and *Carl E. VanDorn,* Assistant Attorney General, for appellee.

ARTERBURN, J.—Appellant was charged by affidavit with the crime of vehicle taking and being an habitual criminal. After a jury trial he was found guilty as charged, and sentenced accordingly. Appellant's sole contention of error in this appeal is that the court erred in permitting appellant's sister, Betty Jean Riddle, as a defense witness on cross-examination, to answer the following question:

"Q. Prior to 1950 and Bovie's Tavern, were there other crimes he was in for?

The State points out that the specification in the motion for a new trial sets out the question, but does not set out the answer thereto which the court permitted to go in on cross-examination, and that therefore the specification is not properly presented in the motion for a new trial. *Henderson* v. *State*

(1956), 235 Ind. 132, 131 N. E. 2d 326; *Ray* v. *State* (1954), 233 Ind. 495, 120 N. E. 2d 176; Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* § 1812, p. 388.

We need not examine that contention further for the reason there are additional grounds for denying appellant's claimed error. The record shows that the answer to the question is: "I don't know." It therefore is pointed out that no prejudicial error occurred because no facts were elicited, prejudicial to the appellant. In *Anderson* v. *State* (1959), 239 Ind. 600, 603, 158 N. E. 2d 457, 459 a similar issue arose on appeal where a witness was asked a question calling for hearsay, which was answered in the negative. The court said:

> "Furthermore, the record shows the witness, in answering the question, testified no such conversation took place and therefore the appellant could not have been harmed by the ruling of the court." See also: *Hansen* v. *State* (1952), 230 Ind. 635, 106 N. E. 2d 226; *Hedrick* v. *State* (1951), 229 Ind. 381, 98 N. E. 2d 906.

It is further pointed out that the appellant, in the direct examination of his own witness, opened up on the broad subject of his prior parole and imprisonments, under the defense or contention that he was an habitual user of intoxicants and that was the cause of all of his troubles with the law. As a result, on cross-examination, this same witness was asked the question involved, to which the answer was: "I don't know." It has been said:

> "When direct examination opens on a general subject the cross-examination may go into any phase of that subject and cannot be restricted to mere parts of the general and continuous subject which constitutes a unity." *Hicks* v. *State* (1937), 213 Ind. 277, 293, 294, 11 N. E. 2d 171, 178. See also: *Kelley* v. *State* (1948), 226 Ind. 148, 78 N. E. 2d 547; *Henry* v. *State* (1924), 196 Ind. 14, 146 N. E. 822.

We find no error as claimed on this appeal. We find that the question asked on cross-examination was properly within

the scope of the area covered by the direct examination, and therefore the trial court committed no error in permitting an answer thereto.

The judgment of the trial court is affirmed.

Hunter, C. J. and Lewis and Mote, JJ., concur.

Jackson, J., dissents without opinion.

NOTE.—Reported in 231 N. E. 2d 21.