JOHN R. VER HULST *v*. ALBERT HOFFMAN.

[No. 472A176. Filed August 15, 1972. Rehearing denied September 13, 1972. Transfer denied January 23, 1973.]

*Volkema, Post & Pees,* of Columbus, Ohio, *John L. Richert,* of Winamac, for appellant.

*Thomas B. Dumas,* of Rensselaer, *Lester L. Wilson,* of Winamac, for appellee.

SHARP, J.—This is a civil case for assault and battery brought by the Plaintiff-Appellant, John R. Ver Hulst, against the defendant-Appellee, Albert Hoffman. Among the allegations of the Appellant's complaint was that "said assault and battery on the person of the Plaintiff by the Defendant was without cause or provocation on the part of the Plaintiff." This allegation was denied as a part of Appellee's Answer in General Denial.

This case was tried before a jury which returned a verdict for the Appellee on the 13th day of October, 1971. The Appellant filed his Motion to Correct Errors on the 9th day of December, 1971, and later on the 22nd day of December, 1971, filed what purported to be an addendum to Appellant's Motion to Correct Errors. The addendum filed on the 22nd day of December, 1971, related only to the issue of misconduct of Appellee's counsel. Later on the 23rd day of December, 1971, the Appellant filed what was designated as a Supplemental Memorandum in support of Motion to Correct Errors. The trial court overruled the Motion to Correct Errors on the 14th day of January, 1972, and this appeal resulted.

We will attempt to deal with those issues which were raised in the Motion to Correct Errors as filed on December 9, 1971, which have been preserved and argued by the Appellant in his brief in this case.

There was a long history of trouble between the parties which we need not detail here. The altercation here occurred on the evening of March 31, 1963, in the barn at Appellee's residence. Appellant was a tenant in a house on the Appellee's farm at that time. There is a wide variety of testimony on the troubles between the parties which would permit an equally wide variety of inferences. Since the drawing of such factual inferences was for the jury under its instructions and since we must consider all factual inferences in the light most favorable to the Appellee we need not further concern ourselves in any great detail with the questions of fact which the jury resolved in this case.

We must start from the underlying premise that we are here presented with a negative verdict against the party having the burden of proof. A finding against the party on whom rests the burden of proof does not rest on quantum of evidence, and such party cannot challenge the finding on the ground that it is not supported by the evidence, but only on the ground that the evidence entitles him to a finding in his favor as a matter of law. See *Industrial Laundry* v. *Review Board of Indiana Employment Security Division* (1970), 147 Ind. App. 40, 258 N. E. 2d 160, and *Langford* v. *Anderson Banking Company* (1970), 146 Ind. App. 677, 258 N. E. 2d 60.

Our Supreme Court has stated that it will not substitute its judgment or conclusions for those of the trier of facts; rather, it will consider the evidence which tends to support the judgment of the trial court together with all reasonable and logical inferences which may be drawn therefrom. *Trustees of Indiana University* v. *Williams* (1969), 252 Ind. 624, 251 N. E. 2d 439. The same is true for this court. Where the trial court determines the issues adversely to the party having the burden of proof, Appellate tribunals are not free to readjudicate credibility of witnesses or to weigh the evidence; rather, the Supreme Court or this

court on appeal may look to the evidence solely for the purpose of determining whether evidence is without conflict and could lead solely to conclusions contrary to that reached by the jury. *State Farm Life Insurance Company* v. *Spidel* (1964), 246 Ind. 458, 202 N. E. 2d 886. See also *Gary National Bank* v. *Sabo* (1972), 151 Ind. App. 258, 279 N. E. 2d 248.

A reviewing court on appeal will not weigh evidence, although it might have come to a different conclusion had it been the trier of facts. *J. I. Case Company* v. *Sandifur* (1964), 245 Ind. 213, 197 N. E. 2d 519.

In *Kruss* v. *Sink & Edwards, Inc.* (1970), 148 Ind. App. 183, 264 N. E. 2d 320, 324, Judge White, speaking for this court, stated:

> "Plaintiff had the burden of proving both liability and damages. Although it seems to be tacitly admitted that she has successfully borne that burden with respect to liability, she had not done so with respect to damages. We cannot here say that the evidence is without conflict and can lead to but one conclusion and that the jury has reached an opposite conclusion.
>
> Such is the background against which we must consider plaintiff-appellant's remaining grounds for new trial, bearing in mind the mandate of Indiana Rules of Procedure, AP. 15(D), that we shall not reverse any judgment 'where it shall appear * * * that the merits of the cause have been fairly tried and determined in the court below.'"

The Appellant asserts error in overruling Appellant's Motion for Directed Verdict. It has long been held in Indiana that in the context of this case such a contention presents no question on appeal. See *National Mutual Insurance Company of Salina, Ohio* v. *Bales* (1923), 81 Ind. App. 302, 139 N. E. 703. The principle announced in the *Bales* case is still the law of Indiana.

The Appellant further asserts error in the refusal of the court to give his tendered instructions numbered 4 and 11. In order to decide this case on the merits we have taken the

trouble to examine all of the instructions given and find that Appellant's tendered instructions 9 and 11 were, in substance, covered by court's instructions numbered IV and V. Specifically the court's instruction number IV stated:

> "The jury is instructed that in civil cases of assault and battery no provocative acts, conduct, former insults, threats or words, if unaccompanied by an overt act of hostility will justify an assault and battery, no matter how offensive or exasperating or how much they may be calculated to excite or irritate."

Court's instruction V stated:

> "The jury is instructed, under the law of Indiana, none of the acts of the plaintiff, John R. Ver Hulst, as to which there has been evidence adduced, are sufficient to justify an assault and battery upon him."

The refusal of the trial court to give tendered instructions where the subject matter and essentials of the tendered instructions are contained in and covered by other instructions given by the trial court is not error. See *Lamb* v. *York* (1969), 252 Ind. 252, 247 N. E. 2d 197, and *St. Joseph Bank and Trust Company* v. *Putnam* (1970), 146 Ind. App. 55, 252 N. E. 2d 601.

Counsel for Appellant asked the Appellee on direct examination whether Appellee regarded himself as a friend of Appellant, whether they got along well, and whether he liked him. On cross-examination Appellee was asked whether he got along well with Appellant and whether they had had words and problems. At that point counsel for Appellant objected to the line of testimony but the trial judge ruled that Appellant had opened the subject himself. In this the trial judge was correct. It has long been held in Indiana that when direct examination opens up a general subject the cross-examination may go into any phase of that subject and cannot be restricted to mere parts of the general and continuous subject which constitutes the unity.

See *Baker* v. *State* (1967), 249 Ind. 117, 231 N. E. 2d 21. See also *Storie* v. *State* (1970), 254 Ind. 301, 258 N. E. 2d 849. Additionally, the trial court has wide latitude and discretion in ruling on matters concerning the extent of cross-examination. See *Sherwood* v. *State* (1960), 241 Ind. 215, 170 N. E. 565.

Any alleged error in the trial court admitting the question was later cured by the court's instructions numbered IV and V which have been set out in this opinion. Even if the admittance of such evidence were erroneous, a later instruction by the court may cure any such error. See *Central Indiana Railway Co.* v. *Anderson* (1968), 143 Ind. App. 396, 240 N. E. 2d 840, 850.

In regard to the alleged misconduct of Appellee's counsel in *William H. Stern & Son, Inc.* v. *Rebeck* (1972), 150 Ind. App. 444, 277 N. E. 2d 15, 17, this court stated:

"(1) To promptly interpose and state their objection, if reasonably required, to the objectionable language or argument, and request the court to instruct the jury as to counteract any harmful effect of such language or argument, and if granted, and such instructions were not sufficient to cure the error, follow such action by a motion to have the submission set aside; (2) to promptly object to the improper language or argument of counsel, and move to set aside the submission, stating reasons why the harm done could not be cured by any action the court might take in the matter." *Lawson* v. *Cole* (1953), 124 Ind. App. 89, 92, 115 N. E. 2d 134, 136 and authorities cited therein.

The record in this case fails to disclose an attempt to even minimally comply with the standards set forth in *Stern* and therefore such contention is without merit.

As indicated the verdict in this case was rendered on October 13, 1971. Judgment was entered on the verdict on that date also. Trial Rule 59(C) of the Indiana Rules of Procedure provides, in part, that:

"A motion to correct errors shall not be filed not later than sixty days after the entry of judgment."

If Appellant had waited until December 22, 1971, to file his original motion to correct errors he would have been barred from appealing because it was not filed timely. Since Appellant did not include this assignment of error regarding counsel's misconduct in his Motion to Correct Errors filed December 9, 1971 but attempted to raise the same after the sixty day period as specified in Trial Rule 59(C) the same was raised too late and is therefore a nullity. A motion to correct errors may not be added to or amended after the running of the sixty day period specified in Trial Rule 59(C). Conversely, it may be amended or supplemented within such sixty day period.

In this case, given the wide range of testimony and within the instructions given to the jury, the jury may well have determined that the Appellant had failed to sustain his burden of proof. It may also have decided the many questions relating to weight and credibility adverse to the Appellant. It may have determined that the Appellant had failed in his burden of proof as far as damages was concerned.

If any of the above premises are correct the verdict of the jury should not be disturbed on appeal and we will not do so. We are not required to sort out all of the conflicting inferences from the evidence and will not do so. The fundamental requirement is that the merits to this case have been fully and fairly tried within the meaning of Appellate Rule 15(D). We believe that such has been accomplished in this case.

The Appellant asserts that the jury first determines the question of liability and never reached the issue of damages. Apparently the Appellant is privy to the mental processes of the jury which are not apparent from the record and cannot be legally inferred from it by us.

This was a hard fought lawsuit between vigorous and talented counsel who perhaps at times generated as much heat

as they did light. Justice, however, was done. Therefore, the verdict of the jury and the judgment rendered thereon should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 286 N. E. 2d 214.