423 N.E.2d 738 (1981)
STATE of Indiana BY AND THROUGH the Indiana State Highway Commission, Appellant-Defendant,
v.
Herrald FAIR, As Administrator of the Estate of Reda Fair, Deceased, Appellee-Plaintiff, and Allied Structural Steel[1] Company and Charles F. Mills, Defendants.
No. 1-380A58.
Court of Appeals of Indiana, First District.
July 28, 1981.
Rehearing Denied September 10, 1981.
*739 Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellant-defendant.
David E. Summers, Thorntown, Peter L. Obremskey, Parr, Richey, Obremskey & Morton, Lebanon, for appellee-plaintiff.
RATLIFF, Judge.

STATEMENT OF THE CASE
The State of Indiana, by and through the Indiana State Highway Commission, appeals a judgment entered against it following jury trial, in favor of Herrald Fair, as administrator of the estate of Reda Fair, deceased, in the amount of $185,000, for the wrongful death of Reda Fair. The claim was predicated upon the alleged negligent design and construction of Interstate Highway 65, near Lebanon.
We reverse and remand for a new trial.

STATEMENT OF THE FACTS
On November 23, 1973, Reda Fair was driving a vehicle southbound on U.S. Highway 52 nearing its intersection with I-65 near Lebanon. At this point, Highway 52 traffic enters I-65 from the right hand side of I-65. At exit 141, which leads from I-65 to Lebanon, the exit ramp is from the left side of I-65. Exit 141 is 2350 feet south of the U.S. 52 entrance. Traffic entering I-65 from U.S. 52 and intending to use exit 141 must enter I-65 from the right and cross two lanes of traffic to the left in order to use the left hand exit ramp at exit 141, this constitutes what is known as a "weaving maneuver." As Reda Fair was performing this weaving maneuver from right to left preparatory to using exit 141, her vehicle was struck by a southbound truck on I-65, resulting in her death.
Evidence was presented that left hand exits are dangerous, that a highway design requiring such a weaving maneuver was a dangerous design creating a hazardous condition, and that there were insufficient warning signs to advise drivers of such condition. Fair also presented testimony, over the state's objection, of the number of accidents occurring at exit 141 during the years 1970-1973, and the number of accidents occurring at the first exit north and first exit south of exit 141.
The state's evidence showed that exit 141 was designed and constructed in accordance with American Association of State Highway Officials (AASHO) guidelines for "two-sided weave" intersections.

ISSUES[2]
1. Whether it was error to admit testimony of the number of accidents occurring at exit 141 for certain years prior to the incident in question.
2. Whether the giving of Fair's instruction number 5 was error.
3. Whether the verdict was contrary to law since the evidence showed that exit 141 was designed and constructed in accordance with AASHO guidelines.
4. Whether the refusal of State's instructions 4 and 5 was error.
5. Whether Fair's witness Walter Gray was a competent witness.
6. Whether admission into evidence of Fair's exhibit 31 was error.

DISCUSSION AND DECISION
Prior to our consideration of the specific issues raised by the state in its appeal, we wish to dispose of two contentions in Fair's brief.
First, Fair asserts the statement of facts in the appellant's brief, consisting of but one and one-half pages, is insufficient to meet the requirements of Ind.Rules of Procedure, Appellate Rule 8.3(A)(5), and that said brief fails to meet the requirements of Ind.Rules of Procedure, Appellate Rule 8.3(A)(7) concerning sufficiency of argument. We find the appellant's brief to constitute, at best, a minimal compliance with those rules. Nevertheless, since we decide cases on their merits, if at all possible, we will do so in this case.
*740 Second, Fair contends the state is appealing from a negative judgment, hence the rules pertaining to appellate review of negative judgments apply. This is incorrect. A negative judgment is one which is against the party bearing the burden of proof. Ver Hulst v. Hoffman, (1972) 153 Ind. App. 64, 286 N.E.2d 214, trans. denied (1973); Wilson, Admx. v. Rollings, (1938) 214 Ind. 155, 14 N.E.2d 905; 2 I.L.E. Appeals § 572 (1957). Here, the state was not the party with the burden of proof. Hence, the judgment against the state was not a negative judgment.

Issue One
Witness Joseph Bonebrake, a civil engineer, called by the plaintiff, testified that he had studied Indiana State Police accident reports concerning the U.S. 52 and I-65 interchange and exit 141, and also such reports of accidents at the interchanges at State Highways 47 and 32, the ones immediately north and south of exit 141, for the years 1970 through November 23, 1973. From his survey of those reports, he was permitted to testify, over the state's objection, as to the number of accidents occurring at each of those locations for each of the years encompassed by his survey. No evidence was introduced concerning the details of those accidents to show similarity of circumstances or similarity of conditions. The testimony was limited to the number of such occurrences alone. State objected on the ground that no similarity of circumstances or conditions had been shown and that, therefore, such evidence was inadmissible. We agree and find the admission of such evidence to constitute reversible error.
In cases involving the existence of an alleged dangerous condition, evidence of the occurrence of prior accidents of a similar character under the same circumstances is admissible to show both the existence of the dangerous condition and notice thereof. State v. Willian, (1981) Ind. App., 423 N.E.2d 668; State v. Maudlin, (1981) Ind. App., 416 N.E.2d 477; State v. Melloy, (1980) Ind. App., 398 N.E.2d 1382, trans. denied; Gillam v. J.C. Penney Co., (7th Cir.1965) 341 F.2d 457. Admission of such evidence is left to the sound discretion of the court. State v. Willian, supra; State v. Maudlin, supra; Craven v. Niagara Mach. & Tool Works, Inc., (1981) Ind. App., 417 N.E.2d 1165. However, such evidence is not admissible unless there is a similarity in the essential conditions surrounding the prior accidents and the one in issue. Craven v. Niagara Mach. & Tool Works, Inc., supra. In other words, the key to the admission of such evidence is similarity. One seeking admission of evidence of prior accidents must lay a proper foundation by demonstrating sufficient similarity of circumstances and conditions before such evidence may be received. 29 Am.Jur.2d Evidence § 305 (1967); 40 Am.Jur.2d Highways, Streets, and Bridges § 601 (1968). This general rule has been stated thus:
"One of the principal qualifications of the rule rendering evidence of prior similar accidents admissible ... is that it must appear, or at least the preliminary proof must tend to show, that the former accidents happened under circumstances substantially the same or similar to those existing at the time of the injury for which suit was brought,..." (Emphasis added.)
29 Am.Jur.2d Evidence § 305, at 351, and:
"[E]vidence of other accidents is not properly admissible in any action to recover [for] injuries sustained as a result of a highway defect or obstruction where it is not shown that the other accidents occurred from the same cause, at the same place, and under substantially similar conditions." (Emphasis added.)
40 Am.Jur.2d Highways, Streets, and Bridges § 601 at 79.
Fair argues that such evidence was admissible to show notice to the state of a dangerous condition. He argues in his brief that the testimony concerning the number of other accidents was offered to show the state knew, or should have known, the intersection in question was improperly designed. However, the similarity requirement exists where the purpose of the evidence *741 is to show notice as well as where it is offered to show the existence of the dangerous condition. In Craven v. Niagara Mach. & Tool Works, Inc., at 417 N.E.2d 1172, Judge Young stated:
"Evidence of similar prior accidents may be admissible to show that a party has notice of a dangerous condition. [citation omitted] ... [S]uch evidence is inadmissible where there is not a similarity in essential conditions surrounding them and in the particular thing in issue. [citations omitted.]"
In 29 Am.Jur.2d Evidence § 307, at 353, it is said:
"Subject to the general requirements of similarity of conditions, reasonable proximity in time, and avoidance of confusion of issues, the courts have generally recognized that evidence of prior similar accidents at the same place as the place in suit . .. is admissible upon the question of notice or knowledge of the defective or dangerous condition. .. ." (Emphasis added.)
Here, there was no attempt to show any similarity of circumstances or conditions of the prior accidents. Rather, the testimony showed only that certain stated numbers of accidents had occurred. Whether any of these prior accidents involved similar circumstances was not shown. If any similarity existed, it was known only to the witness and was not made known to the court and jury. Under such circumstances, the foundational requirement for the admission of such evidence was not met. We are of the opinion that the court abused its discretion in permitting such evidence and the admission of this testimony was reversible error.
Since we are reversing on this issue, we need not determine the other issues presented in this appeal.
Judgment reversed and cause remanded for a new trial.
NEAL, P.J., and ROBERTSON, J., concur.
NOTES
[1] Allied Structural Steel Company and Charles F. Mills were dismissed as defendants prior to trial.
[2] We have renumbered and restated the issues.