**Richard DUARTE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–678A180.

Court of Appeals of Indiana, Second District.

Nov. 5, 1979.

Earl N. Davis, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Defendant-appellant Richard Duarte is attempting to appeal his conviction of entering to commit a felony. We *sua sponte* dismiss the appeal.

The record reveals the following chronology of events:

| | |
|---|---|
| August 21, 1975 | Sentencing held. |
| February 10, 1976 | Present counsel appointed for purposes of appeal; Petition for Permission to File Belated Motion to Correct Errors filed and granted; Belated Motion to Correct Errors filed and overruled; Praecipe filed. |
| May 24, 1976 | Petition for Permission to File Belated Motion to Correct Errors filed; Belated Motion to Correct Errors filed. |
| June 6, 1976 | Permission to File Belated Motion to Correct Errors granted; Belated Motion to Correct Errors overruled. |
| June 11, 1976 | Praecipe filed. |
| October 27, 1977 | Petition for Permission to File Belated Motion to Correct Errors filed. |
| October 28, 1977 | Permission to File Belated Motion to Correct Errors granted; Belated Motion to Correct Errors filed and overruled. |
| November 3, 1977 | Praecipe filed. |
| June 2, 1978 | Petition to File Belated Appeal filed with Clerk of Supreme Court and Court of Appeals. |
| June 7, 1978 | Permission to File Belated Appeal granted. |

We hold that permission to file a belated appeal[1] granted in error does not necessarily justify consideration of the merits of the appeal.[2] In the case *sub judice*, our jurisdiction was not otherwise timely invoked and our permission to file a belated appeal was granted in error. Under the circumstances of this case, we dismiss the appeal.

In granting permission to file a belated appeal, this court relies solely upon the averments in the petition. In his petition Duarte's appellate counsel alleged a motion to correct errors had been filed and overruled.[3] Counsel further alleged his offices were moved following the overruling of the motion to correct errors and the record of this case was inadvertently stored with the inactive files, resulting in counsel's failure to perfect the appeal within the prescribed time limitations.[4] Thus, pursuant to the petition before this Court, we could only assume the proceedings below were timely and correct with the exception of counsel's failure to timely appeal because of the inadvertent misplacement of the files of this case.

The record, however, reveals otherwise. It indicates appellate counsel had repeatedly been dilatory in the prosecution of this

---

1. Indiana Rules of Procedure, Post-conviction Rule 2, § 2.

2. *Cf. State v. Innkeepers of New Castle, Inc.,* (1979) Ind., 392 N.E.2d 459; *State ex rel. Buis v. Hendricks Superior Court,* (1964) 246 Ind. 1, 201 N.E.2d 697; *Dawson et al. v. Wright et al.,* (1955) 234 Ind. 626, 129 N.E.2d 796 (when Appellate Court's jurisdiction has not otherwise been timely invoked, extensions of time granted in error do not confer jurisdiction).

3. The petition avers no dates for the sentencing or filing and overruling of the motion to correct errors.

4. We note that in all of the records, motions, etc. filed in this cause counsel has listed 1005 First Federal Building as his address. The sole exception is the petition for permission to file a belated appeal wherein counsel lists 705 First Federal Building as his address. According to the records of the Clerk of the Supreme Court and Court of Appeals, required by Indiana Rules of Procedure, Admission and Discipline Rule 4, of which we take judicial notice, counsel's address for the pertinent times was 1005 First Federal Building. On August 29, 1979 it was changed to 700 First Federal Building.

appeal. The inadvertent misplacement of the files of this case does not explain why counsel has taken over two years to prosecute this appeal. And, moreover, the procedures counsel has utilized in prosecuting this appeal have been incorrect.

 Pursuant to P.C.R. 2, § 1, the trial court has authority to grant permission to file a belated motion to correct errors when "no timely and adequate motion to correct error was filed for the defendant." Since no timely and adequate motion to correct errors was filed in this case, the trial court properly granted permission to file a belated motion to correct errors on February 10, 1976. For purposes of P.C.R. 2, § 1, however, the trial court was thereafter without authority to entertain Duarte's subsequent petitions for permission to file a belated motion to correct errors.[5] The filing of supplemental or subsequent motions after the procedural time limitation for filing a motion to correct errors has expired is not provided for under our appellate or post-conviction rules, *see VerHulst v. Hoffman,* (1972) 153 Ind.App. 64, 286 N.E.2d 214, and will not alter or extend the time within which the praecipe and record of proceedings must be filed.

 When Duarte failed to timely file the record with this court after the trial court overruled the belated motion to correct errors on February 10, 1976, he was relegated to the relief provisions of P.C.R. 2, § 2 requiring him to petition this Court for permission to file a belated appeal. P.C.R. 2, § 2(d) requires diligence in requesting permission to file a belated appeal. Since the petition for permission to file a belated appeal was granted under the mistaken belief Duarte had been diligent in his request, which the record proves *contra,* our

grant of such permission under the circumstances of this case does not require us to consider the merits of the appeal. And, since our jurisdiction was not otherwise timely invoked, we dismiss this appeal.

Appeal dismissed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

5. When the trial court grants permission to file a belated motion to correct errors, the belated "motion shall then be treated for all purposes as a motion to correct error filed within the prescribed period." P.C.R. 2, § 1. Hence, the time limits for filing the praecipe and record, pursuant to Indiana Rules of Procedure, Criminal Rule 19, commence to run from the trial court's ruling on the belated motion to correct errors.

Moreover, since a belated motion to correct errors had been filed, for purposes of P.C.R. 2, § 1, a "timely" motion to correct errors had been filed and, therefore, the mandates of P.C.R. 2, § 1, expressly prohibited the trial court from granting Duarte's subsequent petitions. We must assume adequacy is not an issue because the second and third belated motions to correct errors were copies of the first.