**Robert Henry McVEA, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 2–379A62.**

Court of Appeals of Indiana, Second District.

Dec. 19, 1979.

Rehearing Denied Jan. 25, 1980.

---

Aaron E. Haith, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Defendant-appellant Henry McVea appeals his conviction of Involuntary Manslaughter. We *sua sponte* dismiss his appeal.[1]

On March 12, 1979 McVea's appellate counsel filed a petition for permission to file a belated appeal with this Court,[2] wherein he alleged, *inter alia*: McVea was sentenced on August 14, 1978; McVea's motion to correct errors was filed and overruled on August 14, 1978; a petition for permission to file a belated appeal filed with this Court was granted on October 31, 1978; the praecipe was filed on November 6, 1978; the record was timely filed on January 24, 1978; and counsel erred in calculating the time the brief was due resulting in the appellant brief being filed one day beyond the time

---

1. We dismiss this appeal without prejudice to McVea's right to repetition this Court for permission to file a belated appeal.

2. Indiana Rules of Procedure, Post-conviction Rule 2 § 2, which provides:

 Any defendant convicted after a trial may petition the appellate tribunal having jurisdiction by reason of the sentence imposed for permission to file a belated appeal where:

(a) he filed a motion to correct error which was overruled;

(b) no appeal was perfected for the defendant;

(c) the failure to perfect the appeal was not due to the fault of the defendant; and

(d) the defendant has been diligent in requesting permission to file a belated appeal.

allowed. Upon the strength of these allegations, on March 19, 1979 this Court granted the petition to file a belated appeal. P.C.R. 2, § 2.

McVea's petition filed March 12, 1979, however, failed to fully apprise this Court of the status of this action subsequent to our grant of permission to file a belated appeal on October 31, 1978. According to the records of the Clerk of the Supreme Court and Court of Appeals, on February 27, 1979 McVea's appellate counsel filed a petition for an emergency extension of time to file the appellant brief; on March 2, 1979 the State filed a Motion to Dismiss; on March 6, 1979 this Court denied McVea's petition for extension of time to file the brief and properly granted the State's motion to dismiss.

 In *Duarte v. State*, (1979) Ind. App., 396 N.E.2d 693, this Court held that when the time limits for perfecting an appeal have not otherwise been met our jurisdiction will not necessarily be invoked when the grant of permission to file a belated appeal is based upon inaccuracies, omissions, misleading averments and the like in the petition therefor. Today we reaffirm our holding in *Duarte* and put practicing attorneys in Indiana on notice that all petitions for permission to file a belated appeal *must* aver *all* facts and procedures that have transpired in the cause subsequent to the trial court's sentencing.

As our Supreme Court reiterated in *Lugar v. State ex rel. Lee*, (1978) Ind., 383 N.E.2d 287 at 289, the Supreme Court and Court of Appeals have "inherent discretionary power to entertain an appeal after the time allowed has expired," but "an appeal under such conditions is not a matter of right and will not be permitted in every situation." Since this Court relies *solely* upon the averments in the petition in deciding whether permission to file a belated appeal should be granted, it is imperative we be fully apprised of all events transpiring subsequent to the trial court's imposition of sentence in order to intelligently exercise our discretion.

In the case here the petition for permission to file a belated appeal filed with this Court on March 12, 1979 omitted several important events, to wit: this Court had denied McVea's petition for an emergency extension of time to file an appellant brief and granted the State's motion to dismiss the appeal. We can not permit such omissions to effectuate what appears to be McVea's attempt to obtain at the back door that which he was denied at the front door.

Since our jurisdiction was not otherwise timely invoked and our grant of permission to file a belated appeal on March 19, 1979 was predicated upon a petition containing the above mentioned omissions, we dismiss this appeal.

Appeal dismissed.

BUCHANAN, C. J., and SULLIVAN, J., concur.