Damon FANCHER, Joey Fancher, Donald Logsden (sic), Ronald Cross, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–281A44.

Supreme Court of Indiana.

June 23, 1982.

Lawrence O. Sells, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Damon Fancher, Joey Fancher, Donald Logsden (sic), and Ronald Cross were con-

victed of Involuntary Manslaughter in a joint trial. Their appeals were disposed of in an unpublished unanimous memorandum decision of the Court of Appeals, Fourth District, No. 2–281 A 44, filed December 28, 1981. 435 N.E.2d 322. The Court of Appeals affirmed the convictions of Joey Fancher, Logsden (sic) and Cross and dismissed the appeal as to Damon Fancher because the praecipe had been filed thirty-one (31) days after the trial court overruled his Motion to Correct Errors, citing Ind.R. App.P. 2(A). *State v. Lipp*, (1980) Ind.App., 404 N.E.2d 64.

The cause is before us upon the Petition to Transfer of Defendant-Appellant Damon Fancher, who prays that we decide the merits of his appeal.

Defendant by trial counsel filed a timely Motion To Correct Errors on October 20, 1980, which the trial court overruled on October 21, 1980. The averments in the joint Motion To Correct Errors of Joey Fancher and Donald Logsden state that Damon Fancher lost confidence in his trial attorney in the middle of the trial. The attorney, who represents Fancher on appeal, unsuccessfully attempted to enter an appearance for Fancher in the middle of the trial. Thereafter on November 18, 1980, appellate counsel filed a "Supplemental Motion To Correct Errors" on behalf of Ronald Cross and Damon Fancher, which the trial court overruled on November 20, 1980. This supplemental motion sought to raise additional assignments of error as well as to address issues allegedly not raised with sufficient specificity in the first motion.[1] This motion was filed within sixty (60) days of the judgment of conviction.

Appellate counsel filed a praecipe on behalf of all four defendants on November 21, 1980, thirty-one (31) days after the trial court had overruled Fancher's first motion to correct errors.

Fancher argues that the Court of Appeals' dismissal conflicts with *VerHulst v.*

*Hoffman*, (1972) 153 Ind.App. 64, 70, 286 N.E.2d 214, 218 (trans. denied), which allows for the amendment of the motion to correct errors within the sixty (60) day time limit of Ind.R.Tr.P. 59(C), and *Duarte v. State*, (1979) Ind.App., 396 N.E.2d 693, which states:

"The filing of supplemental or subsequent motions after the procedural time limitation for filing a motion to correct errors has expired is not provided for under our appellate or post-conviction rules, *see VerHulst v. Hoffman,* (1972) 153 Ind.App. 64, 286 N.E.2d 214, and will not alter or extend the time within which the praecipe and record of proceedings must be filed." *Id.* at 695.

Neither *VerHulst* nor *Duarte* treated a situation in which the trial court had overruled a timely Motion To Correct Errors and in response thereto a party had filed an additional motion to supplement the first motion or a motion to reconsider the first. A motion to reconsider or to rehear a motion to correct errors does not extend the time for taking an appeal. *Mohney v. State*, (1974) 159 Ind.App. 246, 249–50, 306 N.E.2d 387, 390 (cases cited therein) (Trans. denied). This rule is a corollary of the general principle that Ind.R.Tr.P. 59 contemplates only one Motion to Correct Errors per appellant. *P–M Gas & Wash Co., Inc. v. Smith*, (1978) 268 Ind. 297, 306, 375 N.E.2d 592, 596; *Ralston v. State*, (1980) Ind.App., 412 N.E.2d 239, 245 (trans. denied). Once a timely Motion To Correct Errors has been denied, the time for perfecting an appeal begins to run. However, an exception arises if the trial court responds to such Motion by amending, modifying, or altering its original judgment, rather than by denying the motion. Under such circumstances, the party adversely affected may perfect an appeal, Ind.R.Tr.P. 59(F), or may file his own Motion To Correct Errors, and thereby extend the time for perfecting an appeal. *Breeze v. Breeze*, (1981) Ind., 421 N.E.2d 647.

---

1. Fancher cites *Ingmire v. Butts*, (1975) 166 Ind.App. 139, 147, 334 N.E.2d 701, 796 in support of his claim that the first motion inadequately presented assignments of error. Our

disposition of the case does not require us to express any opinion on the adequacy of either motion.

That part of the Supplemental Motion To Correct Errors which merely repeats assignments of error contained in the first motion is, in effect, a motion to reconsider, which does not toll the time for filing the praecipe under Ind.R.App.P. 2(A). The remainder of the Supplemental motion, which attempts to assign claims of error omitted from the first motion, is a second Motion To Correct Errors, for which we find no authority in the trial rules or the case law. Consequently, the Court of Appeals did not err in dismissing Damon Fancher's appeal.

At first blush, the result we reach may seem harsh in that it appears to deny a criminal defendant his appeal; however, we note that in a criminal case, the defendant's failure to perfect an appeal on time does not necessarily foreclose an appellate court from entertaining the appeal upon its merits upon a proper petition. Ind.R.P.C. 2, section 2.

The Petition To Transfer is denied.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.