Mona WENTE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–282A28.

Court of Appeals of Indiana, Third District.

Oct. 12, 1982.

Howard S. Grimm, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

A jury found Mona Wente guilty of dealing in a schedule I controlled substance, a class B felony. Wente contends that her prior acquittal by a Steuben County jury for a similar transaction bars this prosecution against her in DeKalb County. However, because Wente's motion to correct errors was not timely filed her contention is waived.

Appeal dismissed.

The trial court sentenced Wente on August 20, 1981 and her motion to correct errors was filed on October 20, 1981, sixty-one days after the date of sentencing.

Ind.Rules of Procedure, Criminal Rule 16 reads in pertinent part: "In all criminal cases the defendant shall have sixty [60] days from the date of sentencing to file motion to correct errors." In computing this sixty day period, Ind.Rules of Procedure, Trial Rule 6 provides that:

"[T]he day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it is:

"(1) a Saturday,

"(2) a Sunday,

"(3) a legal holiday as defined by state statute, or

"(4) a day the office in which the act is to be done is closed during regular business hours.

"In any event, the period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed."

Thus, under these rules, the sixtieth day from the date of sentencing was Monday, October 19, 1981. This Monday was neither a legal holiday nor a day in which the DeKalb County Clerk's office was closed. Therefore, Wente's motion to correct errors was not timely filed.

The dissent believes Wente's case should be adjudicated on its merits because this Court granted Wente's petition to file the record of the proceedings late. This oversimplifies the interrelationship of several Indiana Rules of Court.

CR. 16 provides that, "Trial Rule 59 (Motion to Correct Errors) will apply to criminal proceedings insofar as applicable for the conduct of criminal procedure." Civil cases under TR. 59 have held that the timely filing of the motion to correct errors is a *jurisdictional act* and a late filing subjects the appeal to dismissal. *E.g., Murray v. Murray* (1974), 160 Ind.App. 72, 309 N.E.2d 831, 832. Jurisdiction is not reconferred on Wente by this Court's granting of Wente's petition to file the record late. In *Duarte v. State* (1979), Ind.App., 396 N.E.2d 693, 694, the second district stated that when this Court's jurisdiction was not otherwise timely invoked, this Court's permission to file a belated appeal was granted in error. *Duarte* held that permission to file a belated appeal granted in error does not necessarily justify consideration of the appeal on its merits. *Id.,* at 694 (*citing,* among other cases, *Dawson v. Wright* (1955), 234 Ind. 626, 129 N.E.2d 796 which held that when Appellate Court's jurisdiction has not otherwise been timely invoked, extensions of time granted in error do not confer jurisdiction.)

Wente's proper remedy is under Indiana Rules of Conviction, Post Conviction Rule 2 § 1, not § 2. Here, no timely and adequate

motion to correct errors was ever filed in the trial court. By not reading this implicit requirement into PC. 2 § 2, the dissent renders meaningless PC. 2 § 1 and all case law of this state regarding the timely filing of the motion to correct errors as being a prerequisite to appellate review. This is simply common sense. Otherwise, the remedy for filing the motion to correct errors late is to be sure and file the record late.

It is irrelevant that Wente may petition the trial court for permission to file a belated motion to correct errors under PC. 2 § 1. It is not our privilege to elevate the practical expediency of case disposition over the jurisdictional time limits mandated by our rules. We must apply the sixty day time limit in which to file a motion to correct errors to all criminal defendants and all civil litigants evenhandedly.

■ Although this Court has the inherent power to entertain an appeal even though jurisdictional time limits have expired, such discretion is exercised "only in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist." *Constanzi v. Ryan* (1977), 174 Ind.App. 454, 368 N.E.2d 12, 16. This Court will not use that power to relieve a party from the consequences of his own negligence, such as failure to calculate the time limits correctly. *Tourkow v. Hoover* (1952), 122 Ind.App. 676, 108 N.E.2d 195, 196. Since this is not a case of great public interest, or one in which extraordinary circumstances exist, we should not invoke our inherent power to hear this appeal.

The failure to timely file Wente's motion to correct errors precludes appellate review. *Skolnick v. State* (1981), Ind., 417 N.E.2d 1103, 1104; *Spall v. State* (1973), 156 Ind. App. 189, 295 N.E.2d 852, 853.

Appeal dismissed.[1]

GARRARD, J., concurs.

HOFFMAN, P. J., dissents with opinion.

[1.] Regarding the harshness of dismissing Wente's appeal *see Fancher v. State* (1982), Ind., 436 N.E.2d 311, in which the criminal

HOFFMAN, Presiding Judge, dissenting.

I dissent. I cannot agree with the majority's position that Wente has waived the contentions in her appeal by virtue of the late filing of her motion to correct errors.

Indiana Rules of Procedure, Post-Conviction Rule 2(2), reads:

"Any defendant convicted after a trial may petition the the the [sic] appellate tribunal having jurisdiction by reason of the sentence imposed for permission to file a belated appeal where:

(a) he filed a motion to correct error which was overruled;

(b) no appeal was perfected for the defendant;

(c) the failure to perfect the appeal was not due to the fault of the defendant; and

(d) the defendant has been diligent in requesting permission to file a belated appeal."

The record reflects that on February 24, 1982, appellant filed a Petition to Late-File Record of Proceedings. This petition was treated as a Petition to File Belated Appeal, and was granted by this Court as such pursuant to the following order:

"APPELLANT'S PETITION FOR EXTENSION OF TIME TO FILE BELATED APPEAL GRANTED TO AND INCLUDING 3–8–82
/s/ Paul H. Buchanan, Jr.
Chief Judge
DATED 3/2/82"

Contrary to the position taken by the majority, P.C.R. 2(2) requires the motion to be neither timely nor adequate. Were such requirements intended by the Supreme Court, they would have been set forth specifically in P.C.R. 2(2) as they were in P.C.R. 2(1). The majority's treatment effectively frustrates the distinct functions for which the separate sections of P.C.R. 2 were designed. Since appellant meets each of the criteria of P.C.R. 2(2), *supra,* the

appeal was dismissed because the praecipe was filed one day late.

instant cause is properly before this Court by order. The case should therefore be fully adjudicated on its merits.

In *Soft Water Utilities, Inc. v. Le Fevre* (1973), 261 Ind. 260, at 269, 301 N.E.2d 745, at 750, it was noted by Justice Hunter that:

> "Certainly, the orderly procedure of our judicial system calls for adherence to rules designed to achieve that goal. But we should never ignore the plain fact that the consequence of strict adherence to procedural rules may occasionally defeat rather than promote the ends of justice."

As a practical matter, the majority's dismissal will compel the appellant to seek appellate review through a petition under P.C.R. 2(1), thereby necessitating undue delay and expense.

Furthermore, it should be noted that the State failed to raise in its brief the jurisdictional time limit seized upon by the majority. An appellate court must use discretion in deciding a case on a point not raised by the trial court or the parties, and in so doing runs the risk of doing an injustice. *Morgan Co. REMC v. PSCI* (1970), 253 Ind. 541, 255 N.E.2d 822.