Marvin JUNIGAN, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3-382A49.

Court of Appeals of Indiana,
Third District.

Dec. 20, 1982.

.Robert L. DeLoney, Gary, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Jack T. Kolze, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

STATON, Judge.

After a jury trial, Marvin Junigan was convicted of robbery,[1] a class C felony, for which he received a three year sentence. On appeal; Junigan raises two issues. First, Junigan contends that his right to a speedy trial was denied. Second, he asserts that in sentencing the trial judge improperly considered an incorrect pre-sentence report. However, Junigan has failed to invoke this Court's jurisdiction.

Appeal dismissed.

■ Junigan was sentenced by the trial court on September 24, 1981. On November 24, 1981, Junigan filed his motion to correct errors.[2] Ind. Rules of Procedure, Criminal Rule 16 requires the defendant to file his motion to correct errors not later than 60 days from the date of sentencing.

In computing this time period pursuant to Ind. Rules of Procedure, Trial Rule 6, the 60th day from the date of sentencing was Monday, November 23, 1981. That Monday was neither a legal holiday, nor a day during which the Lake Superior Court Clerk's office was closed. Therefore, Junigan's motion to correct errors was not timely filed.

■ Junigan also failed to timely file the record of the proceedings. Junigan's motion to correct errors was denied on December 4, 1981.[3] On March 18, 1982, Junigan petitioned for an extension of time in which to file the record. Under Ind. Rules of Procedure, Appellate Rule 14, Junigan's petition for an extension of time was due on March 1, 1982.[4]

■ A timely filed motion to correct errors is required to invoke the jurisdiction of this Court. *Skolnick v. State* (1979), Ind., 417 N.E.2d 1103 at 1104; *Wente v. State* (1982), Ind.App., 440 N.E.2d 512. Further, CR. 19 provides that if the record is not timely filed, "the right to appeal will be forfeited." Therefore, this appeal must be dismissed for a lack of jurisdiction.

Because of the numerous failures to comply with procedural time limitations, we feel that some further action is necessary. Assuming that the failure to timely file a motion to correct errors was not due to the fault of Mr. Junigan, his counsel should be ordered to prepare and file a proper belated motion to correct errors. If the motion to correct errors is denied, Junigan's counsel should be ordered to brief and argue Junigan's appeal to the Court of Appeals with-

---

1. IC 1976, 35–42–5–1 (Burns Code Ed., 1982 Supp.).

2. On that day, Junigan also requested an extension of time to file his motion to correct errors, which the trial court granted. However, the time for filing a motion to correct errors may not be extended. TR. 6(B)(2); *White v. Livengood* (1979), Ind.App., 390 N.E.2d 696.

3. Junigan filed an amended motion to correct errors on December 22, 1981. That motion was denied on December 30, 1981.

"The filing of supplemental or subsequent motions after the procedural time limitation for filing a motion to correct errors has expired is not provided for under our appellate

or post-conviction rules, see *VerHulst v. Hoffman*, (1972) 153 Ind.App. 64, 286 N.E.2d 214, and will not alter or extend the time within which the praecipe and record of proceedings must be filed."
*Duarte v. State* (1979), Ind.App., 396 N.E.2d 693 at 695.

4. Junigan was ultimately granted an extension of time in which to file the record. However, an erroneously granted extension of time will not confer jurisdiction upon this Court. *Dawson v. Wright* (1955), 234 Ind. 626, 129 N.E.2d 796; *Wente v. State* (1982), Ind.App., 440 N.E.2d 512.

out expense to Mr. Junigan or to the taxpayers of the State of Indiana.

Appeal dismissed.

GARRARD, J., concurs.

HOFFMAN, P.J., dissents with opinion.

HOFFMAN, Presiding Judge, dissenting.

I dissent. The decision rendered by the majority does little to promote the orderly and expeditious administration of justice. As noted in my dissent to *Wente v. State* (1982) Ind.App., 440 N.E.2d 512, the majority's dismissal will undoubtedly compel the appellant to seek appellate review through filing a petition for post-conviction relief. Ind. Rules of Procedure, Post-Conviction Rule 2, § 1. At that point this Court will have to reach the merits of appellant's contentions notwithstanding any procedural defects in the case currently before us. Requiring this additional effort in order to ultimately reach the same end result can only serve to increase the costs to the taxpayer and retard the appellate process. It would better serve the ends of justice and the function of this Court were we to dispose of this case on its merits now. This is particularly true since neither the State nor the trial court raised the jurisdictional time limits seized upon by the majority.

Furthermore, this Court would not find itself in the position of advocating non-adherence to our Rules of Appellate Procedure were we to decide the case at bar on its merits. In blatant instances of non-compliance the remedy of waiver would then be proper. However, where variance from the procedural rules is slight and such variance is not put in issue by the opposing party, I would advocate deciding the case on its merits. That this Court reach final dispositions in the cases brought before it would appear far preferable to engaging in a time-consuming, expensive, and ultimately fruitless search for procedural non-conformities by which we may dismiss those cases.

As Justice Hunter so aptly pointed out in *Amer. States Ins. Co. v. State ex rel. Jennings et al.* (1972), 258 Ind. 637, at 641, 283 N.E.2d 529, at 531–532:

"While rules of procedure are necessary to provide stability in the conduct of litigation and in appeals therefrom, we should not permit ourselves to be so bound up in the letter of those rules that we lose sight of their spirit. Our function is to serve the truth and to decide legal issues, not clear our dockets by utilization of unnecessary narrow technical interpretations."