William Walter STAPLES, Jr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 881S212.

Supreme Court of Indiana.

Sept. 6, 1983.

Charles E. Weiner, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted, following a trial by jury, of two counts of Murder, Ind. Code § 35–42–1–1 (Burns 1979), and was sentenced to one hundred twenty (120) years imprisonment. This direct appeal presents the following issues:

1. Whether Defendant was denied the effective assistance of counsel.

2. Whether the trial court erred in summarily denying Defendant's "Amended Motion To Correct Errors."

3. Whether the trial court improperly imposed consecutive sentences.

4. Whether the trial court sentenced Defendant for a Rape neither charged nor proved at trial.

5. Whether the trial court erroneously failed to consider mitigating circumstances in imposing the sentence.

6. Whether the trial court improperly considered as aggravating circumstances the victims' ages and infirmities, which assertedly were not proven at trial.

7. Whether the evidence was sufficient to sustain the convictions.

\* \* \*

### ISSUES I & II

This case has been presented to us in a procedural quagmire. After expenditure of considerable judicial time combing the record, and to avoid the potential for any appearance of a miscarriage of justice, we take the extraordinary step of reversing the trial court's order of March 24, 1982, which denied Defendant's Amended Motion To Correct Errors. We have concluded that this motion should have been treated as a petition for post conviction relief under post conviction rule one rather than under post conviction rule two, as appears to have been done. The record reflects that appellate counsel, possibly in good faith but clearly in error, led the trial court astray with the result that the evidence upon the claim of ineffective assistance of counsel has never been considered. Accordingly, we express no opinion upon Issue I.

Defendant was represented at trial by the Public Defender, Mr. McDowell, who filed a Motion To Correct Errors on June 3, 1981. That motion understandably did not allege ineffective assistance of counsel as ground for a new trial. Appellate counsel,

Mr. Weiner, entered his appearance on June 18, 1981, and the Motion To Correct Errors was denied on June 22, 1981. On June 26, 1981 counsel filed a praecipe for the record, which was not certified by the trial court until February 26, 1982. During this delay, counsel obtained extensions of time from this Court in which to file the record and subsequently sought and obtained such an extension for filing the brief.

Both sides have filed supplemental records, which explain the necessity for the extensions. On March 23, 1982, after the record on appeal had been filed with this Court, appellate counsel filed a "Request For Permission To File Amended Motion To Correct Errors," which included an amended motion to correct errors and affidavits in support thereof, and which invoked post conviction rule two. This motion raised the issue of ineffective assistance of counsel and other new assignments of error. The request was granted, and on March 24, 1982 the trial court summarily denied the Amended Motion To Correct Errors. On April 6, 1982 counsel filed a praecipe, which specifically requested a transcript of any hearing held upon the amended motion to correct errors. The record, however, contains no record of any such hearing.

For reasons that are not clear from the record, the trial court erroneously granted permission to file the amended motion to correct errors. Ind.R.P.C. 2, § 1(a) provides:

"Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion for new trial, where: (a) no timely and adequate motion to correct error was filed for the defendant;"

Defendant's request contained no allegation with respect to prior motions, no doubt because a timely motion to correct errors had been previously submitted and denied. Having erroneously entertained the motion, undoubtedly without knowledge of its duplicity, the trial court treated the motion as it would have any other motion to correct errors.

The subsequent proceedings confirm that confusion prevailed upon this amended motion to correct errors. On April 27, 1982, the court set the motion for an evidentiary hearing for May 14, 1982. The matter was continued to June 4, 1982 at which time a hearing was held. At that hearing, the State indicated that it wanted to present evidence upon the defendant's motion. Discussion ensued in which the court specifically referred to the motion as an amended motion to correct errors rather than a belated motion to correct errors, the label counsel was using. Counsel also objected to the State's request to present evidence:

"BY MR. WEINER: I think at this point, the Supreme Court has to consider the record, to what is there at this time, and if they decide that, from what they can see in the record, there is ineffective or incompetent counsel, then they can send it back to the trial court, either with instructions to give Mr. Staples a new trial, or hear evidence as to Mr. McDowell's ineffectiveness as Willie Staples' counsel." R. at 16–17.

The evidentiary hearing, although eventually ordered for July 8, 1982, was continued *sine die* on that date because counsel failed to appear.

Thus, instead of a transcript, we have before us an appendix to the Defendant's Brief, numbered pages B–1 to B–297, which appear to be documents that would have been presented at the evidentiary hearing, had there been one. In response, the State has moved to strike this appendix, asserting that the exhibits contained therein have never been presented to the trial court. The State's assertion is correct, except for pages B–291 to B–297, which consist of affidavits by persons who reiterate the contents of their prior affidavits attached to the amended motion to correct errors.

■ The State's Motion To Strike is granted. Defendant's exhibits have not been presented to the trial court and consequently, are not part of the record on appeal. We are at a loss to comprehend how counsel intended to litigate Defendant's claim of ineffective assistance of counsel as

part of the appeal herein, after that appeal had been docketed with this Court and without having first presented the evidence in support of such claim to the trial court. Counsel's pleading, though invoking the rule applicable to a belated motion to correct errors, was not a belated motion. A timely motion to correct errors had been filed. The pleading was, instead, a second, not an amended, motion to correct errors, filed after the first one had been denied. There is no authority in the trial rules or case law for such a motion. *Fancher v. State,* (1982) Ind., 436 N.E.2d 311. It appears from counsel's having pursued an appeal from the denial of the first motion to correct errors, that he understood the futility of a second motion to correct errors. Most important, however, counsel admitted to the trial court that this Court would have the option of ordering an evidentiary hearing upon this claim. We grant the motion to strike, choosing to regard the amended motion to correct errors as a petition for post conviction relief under Ind.R.P.C. 1 and, therefore, order the March 24, 1982 order vacated and remand the matter for further proceedings commencing with an answer. Ind.R.P.C. 1, § 4(a). We have granted this unusual relief to insure that the facts behind the lengthy list of accusations and charges concerning the quality of trial counsel's representation are fully aired and determined.

## ISSUES III, IV, V & VI

Defendant's argument consolidates these issues. It also focuses primarily upon the asserted ineffectiveness of trial counsel.

■ Before addressing Defendant's claims, we note the trial court's statement in support of the enhanced sentence:

"BY THE COURT: If there ever was an appropriate sentence for the death penalty, this was it. The facts of the killing were especially brutal. It was a multiple—it was a multiple murder. The facts of the case are consistent with a rape as opposed to a consensual sexual act of the victim. * * *." R. at 503.

The order book entry contains the following:

"The reasons for the imposition of the sentence are as follows:

1) The Defendant has a history of criminal activity;

2) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime; and

3) The female victim of the crime was physically infirm. R. at 131.

These conclusions are not an adequate or specific statement of aggravating circumstances as required by our decision in *Page v. State,* (1981) Ind., 424 N.E.2d 1021. The court did not specifically detail Defendant's history of criminal activity. *Lenn v. State,* (1982) Ind., 437 N.E.2d 56, 58. Defendant also contends that there was no evidence of a Rape. The State does not cite any portion of the record in support of the court's indication that a rape was evidenced, except its reference to evidence that the female victim had engaged in sexual intercourse, a fact which Defendant admitted. Further, the court has not identified the victim's infirmity nor explained what relationship it had to the offense. Neither has it disclosed the facts supporting its general statement that "The facts of the killing were especially brutal." Additionally, Defendant cites evidence of mitigating circumstances which was not presented by his trial counsel. Therefore, the cause is remanded to the trial court with instructions that it make and submit findings, in accord with our decision in *Page v. State, supra,* in support of the enhanced sentence, or in the alternative, sentence Defendant to the presumptive term of forty (40) years imprisonment upon each count, sentences to run concurrently. Only after this remand will this Court be in a position to determine whether or not the trial court considered mitigating circumstances, enhanced the sentence by reason of a Rape or other circumstances that were not proved, or imposed a sentence that was manifestly unreasonable in light of the nature of the offense and the character of the offender.

## ISSUE VII

The argument upon this issue again focuses primarily upon the asserted lack of preparation of trial counsel. Although labeled a challenge to the sufficiency of the evidence, it actually argues that a prepared lawyer would have obtained an acquittal on grounds of self defense upon count one and a conviction for voluntary manslaughter upon count two. Whatever the merits of these claims, and we note that although Defendant, the only eyewitness, testified that he had acted in self defense, his trial counsel never submitted the issue to the court, they are properly addressed to the post conviction proceeding we have ordered in Issue II. As a result, we need not belabor this opinion with a lengthy recitation of the evidence. Defendant testified that he struck the blows which killed the victims because the male victim had assaulted him and threatened to kill him. Defendant had just been discovered in an intimate setting with the victim's wife, who was wearing only sheer undergarments. When she discovered that Defendant had hurt her husband, she assaulted Defendant, who responded by hitting her with a heavy object. Before leaving, Defendant attempted to make the scene look like a Robbery had occurred, because he did not think the police would believe him about what had occurred.

If the jury disbelieved part of Defendant's testimony, it could have inferred the requisite intent from Defendant's use of a weapon in a manner likely to cause death and the circumstances attendant to the scene. Even if the jury believed Defendant, it might have convicted him, nevertheless, because it was never instructed that self defense was an issue or that self defense, if proved, was a defense to the charges. This matter, however, relates to the effectiveness of trial counsel and does not detract from the sufficiency of the evidence under our standard of review:

> "Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. (citations omitted).

The order of March 24, 1982, which denied Defendant's Amended Motion To Correct Errors is ordered vacated, and the cause is remanded for further proceedings consistent with this opinion. The case is also remanded for submission of a proper statement of aggravating circumstances, if any, in support of the enhanced sentence, or in the alternative, to sentence Defendant to the presumptive term. In all other respects, the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.