**Dorris Ray CALLOWAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 484S148.

Supreme Court of Indiana.

Dec. 9, 1986.

Susan K. Carpenter, Public Defender and Eric L. Mayer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant pled guilty to the offense of Burglary, a Class C felony, and to being an habitual offender. The court imposed a twenty-eight (28) year sentence.

On December 22, 1981, an information was filed charging appellant with burglary. The information was subsequently amended to include an habitual offender count. On December 30, 1981, appellant was charged with theft in an unrelated cause. That information was also amended to include an habitual offender allegation.

On March 3, 1982, appellant entered into a plea agreement whereby he would plead guilty to burglary and to being an habitual offender. The prosecution agreed to drop the remaining counts and recommended a twenty-eight year sentence. After conducting a hearing on that date, the court accepted the plea and sentenced appellant to eight years on the Class C felony and enhanced the sentence by twenty years due to the habitual offender status. *See* Ind. Code § 35–50–2–8(e).

On October 25, 1982, appellant filed a *pro se* post-conviction petition which was subsequently amended. On August 29, 1983, the court granted appellant's petition for relief and vacated his conviction. The court concluded that the threat made by the prosecution during plea negotiations, that it would seek maximum and consecutive sentences in the two causes for a total of seventy-two years imprisonment, was unfounded; therefore, appellant's plea was not voluntarily entered because his misconception of the law regarding the potential sentencing was a significant factor in his decision to enter a plea of guilty.

On September 12, 1983, the prosecution filed a motion to correct error, in part alleging that the trial court erred in concluding that there was no possibility of consecutive enhanced sentences in the event of convictions and habitual offender findings in both cases. The court denied the motion, with the exception of the correction of one of its findings which had no effect on the judgment.

One week later the prosecution filed a second motion to correct error, the sole allegation being that the court misconstrued the law in regard to the potential sentencing. The prosecution cited *Kelly v. State* (1983), Ind., 452 N.E.2d 907, which had been handed down the same day as the court's entry of judgment vacating appellant's conviction. On November 25, the court, expressly relying on *Kelly*, granted the prosecution's motion and set aside its earlier judgment of post-conviction relief. Appellant's subsequent motion to correct error was denied.

Appellant contends that the trial court erred in granting the prosecution's motion because there is no authority for the filing or consideration of a second motion to correct error after the first such motion has been denied. He also contends that even if a second motion to correct error were permitted, the prosecution's motion was automatically denied after five days under Ind. R.Tr.P. 53.4(B).

Appellant's statement of the applicable law and procedure is essentially cor-

rect. While a motion to correct error may be amended within the sixty-day time limitation set out in Ind.R.Tr.P. 59(C), there is no authority in the trial rules or case law to support a second motion to correct error after the first such motion has been denied. *Staples v. State* (1983), Ind., 452 N.E.2d 985; *Fancher v. State* (1982), Ind., 436 N.E.2d 311. Once a ruling is made on a motion to correct error the time allowed for perfecting an appeal begins to run, and a motion to reconsider or rehear the motion does not extend the time. *Fancher, supra; Mohney v. State* (1974), 159 Ind.App. 246, 306 N.E.2d 387, *trans. denied.*

In *State ex rel. Rans v. St. Joseph Superior Court* (1964), 246 Ind. 74, 201 N.E.2d 778, which involved the former motion for a new trial rather than the present motion to correct error, this Court entered a permanent writ of mandate compelling the respondent court to expunge its record granting a motion for a new trial and granting a rehearing on its previous ruling denying the motion for a new trial. In discussing the need for finality of trial court proceedings, Justice Arterburn explained that:

"Motions 'to rehear' or 'reconsider' are, as the term implies, a request to be heard a second time on the same issues. In fact, a motion for a new trial in reality is a reconsideration and rehearing of the decision or verdict previously rendered. How many rehearings and reconsiderations of a ruling or judgment is a party entitled to have? After a motion for a new trial or a motion to reconsider or a motion to rehear is ruled upon, may a party then ask for another rehearing and reconsideration, and may such petitions for rehearing and reconsideration go on *ad infinitum?* A party against whom a ruling on a motion for a new trial has been made still has his remedy if he thinks error exists, by appeal or under the statute for a review thereof. (Citation omitted.)

"Rules of procedure and justice require that there must be an end to litigation at some point. We agree with relator that there is no statutory or common law authority for a petition for 'rehear-

ing' on a motion for a new trial." *Id.* at 78–79, 201 N.E.2d at 780.

■ Here, the issue raised in the second motion to correct error had also been raised in the first. The second motion to correct error was filed one week after the first had been filed. The prosecution filed a praecipe fifteen days later, well before the court ruled on the second motion. It is thus apparent that the filing of the motion was not a delaying tactic or an attempt to extend the appellate deadlines. The prosecution brought to the attention of the trial court a very recent case which clarified the area of law at issue. As the record of proceedings had not yet been filed, the trial court retained jurisdiction over the case, and had the inherent power to set aside or vacate its judgment. *See Id.* at 77, 201 N.E.2d at 779.

■ If the court had refused or failed to correct his error and the prosecution had pursued an appeal from the denial of the first motion, that appeal, as discussed more fully below, would have resulted in a reversal. In the interest of judicial economy, we hold that under the circumstances of this case the court did not commit reversible error in correcting his ruling on the first motion. This holding does not affect our previous cases which stand for the proposition that the filing of a second motion to correct error after the first motion has been denied is not permitted. *Staples, supra; Fancher, supra.* Given our disposition of this issue, it follows that Ind.R.Tr.P. 53.4(B), which provides that a repetitive motion shall be denied unless ruled upon within five days, is inapplicable to the circumstances of this case.

Appellant further contends that the court erred in granting the second motion to correct error because the court was unjustified in relying on *Kelly, supra,* Ind., 452 N.E.2d 907, "for the proposition that consecutive habitual offender sentences are legal."

■ Initially, we would point out that appellant would not, as he alleges, have been subject to consecutive habitual offender

"sentences." An habitual offender finding does not result in a separate sentence, but rather results in a sentence enhancement for the latest felony conviction. *Durham v. State* (1984), Ind., 464 N.E.2d 321. Absent the habitual offender allegations, appellant could have been convicted and sentenced on the separate felonies, and the court would have had the discretion to order the sentences served consecutively. *Zachary v. State* (1984), Ind., 469 N.E.2d 744. The fact that such sentences may have been enhanced by virtue of appellant's habitual offender status would in no way preclude the court from imposing consecutive sentences.

In *Kelly*, the defendant was sentenced as an habitual offender in each of two causes which had been consolidated for trial. The trial court vacated one of the habitual offender counts in response to the defendant's belated motion to correct error, in which he had alleged that the two habitual offender findings violated his double jeopardy rights. *Kelly, supra* at 912. Although we did not disturb the court's ruling on the motion to correct error because all the sentences were to run concurrently, we clearly stated that

> "two separate crimes were committed involving two separate victims, so the original sentence the court imposed would have been proper as the habitual offender sentences were the enhancement of sentences in two separate crimes." *Id.*

■ The trial court properly relied on *Kelly* in concluding that the enhanced sentences could have been ordered served consecutively. A contrary conclusion would have been erroneous and would have been reversed on appeal. Accordingly, the court was correct in determining that the threat made by the prosecution during the plea negotiations did have a basis in the law.

Appellant's final contention is that the trial court erred by failing to establish a factual basis for the plea of guilty to burglary, as required by Ind.Code § 35–4.1–1–4(b) [repealed and recodified at Ind.Code § 35–35–1–3(b)]. He argues that his equivocation regarding his intent to commit theft, specifically that he admitted only that he was in the building with his accomplice but never admitted that he had the intent to take any property from the building, rendered the factual basis for the burglary charge insufficient.

This issue was not raised in appellant's motion to correct error and consequently has been waived. *Survance v. State* (1984), Ind., 465 N.E.2d 1076. Appellant nevertheless argues that the alleged error is fundamental.

■ We cannot agree. Upon reviewing the entire record, *White v. State* (1986), Ind., 497 N.E.2d 893, we find there is ample evidence to support the trial court's conclusion that a sufficient factual basis was established. The written plea agreement filed by appellant stated: "I understand that if I plead guilty to this charge I am admitting the truth of all material facts set forth in the charging information or any offense included thereunder." At the guilty plea hearing, the court read the charging information to appellant, who answered affirmatively when asked if he understood that if he pled guilty he was admitting those facts as true. The court explained the various elements of the offense of burglary, including the element of intent to commit a felony once he and his accomplice had broken into the building. The prosecution offered, without objection, the probable cause affidavit. Such was sufficient to establish a factual basis. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

The record further reveals that the court then questioned appellant about the incident. Appellant admitted that he and his accomplice broke a window and entered the building, that he believed his accomplice was going to steal items therein, that he knew of his accomplice's intentions and that he would probably have helped his accomplice to remove the property if he had been asked. He also admitted that he believed he was guilty of burglary. Appellant's claim of fundamental error is without merit.

The trial court is affirmed.

All Justices concur.