## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 06 2016, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brett M. Roy
Roy Law Office
Boonville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jair Ortega Regalado,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 6, 2016

Court of Appeals Case No.
87A05-1508-CR-1093

Appeal from the Warrick Superior Court

The Honorable Robert R. Aylsworth, Judge

Trial Court Cause No.
87D02-1307-FC-265

**May, Judge.**

[1] Jair Ortega Regalado appeals his conviction of Class C felony child molesting.[1] He argues the court abused its discretion by allowing vouching testimony and there was insufficient evidence to support his conviction. We dismiss Regalado's appeal *sua sponte*, concluding we lack jurisdiction because the trial court has yet to rule on Regalado's motion to correct error.

## Facts and Procedural History

[2] Regalado was accused of touching his daughter, B.O., on more than one occasion in an inappropriate manner. At the time of the incidents, B.O. was ten years old. Following an investigation, Regalado was charged with Class C felony child molesting.

[3] A jury trial took place on April 13-14, 2015. After the State rested, Regalado's counsel moved for judgment on the evidence, alleging the State did not prove intent. The trial court denied the motion. The jury found Regalado guilty as charged.

[4] Regalado moved to correct error, alleging the evidence was insufficient and the trial court allowed impermissible vouching testimony. He asked the trial court to either set aside the conviction or order a new trial. The court denied the motion on July 7, 2015. On July 31, 2015, Regalado filed a motion to reconsider based on *Sampson v. State*, 38 N.E.3d 985 (Ind. 2015), which was

---

[1] Ind. Code § 35-42-4-3(b) (2007).

decided the day before.[2] On August 4, 2015, after reviewing *Sampson*, the trial court granted the motion to reconsider. It set aside the order denying the motion to correct error, ". . . such that the motion to correct error remains pending." (App. at 16-17.) The court added that "[u]nless a party requests argument on or before 08/10/2015, the court will enter a ruling on defendant's motion to correct error." (*Id*. at 17.)

[5] On August 4, 2015, the State filed a motion to certify the court's order for interlocutory appeal and for a stay of proceedings. On August 6, 2015, the court heard arguments on the State's motion, denied the motion, and confirmed its earlier order setting aside the denial of the motion to correct error. The court stated:

> Court allows the state the opportunity to review testimony of trial witnesses to determine whether or not the defendant did in fact suggest coaching of B.O. may have occurred. State to advise as to which witness testimony they [sic] want transcribed. Court assigns hearing on defendant's motion to correct error, over objection by counsel for defendant who request [sic] a ruling today, for 08/27/2015 at 1:00 p.m. . . .

(*Id*.)

---

[2] In *Sampson*, our Supreme Court concluded that, "the subtle distinction between an expert's testimony that a child *has or has not been coached* versus an expert's testimony that the child *did or did not exhibit any 'signs or indicators' of coaching* is insufficient to guard against the dangers that such testimony will constitute impermissible vouching . . . ." *Sampson v. State*, 38 N.E.3d 985, 991-92 (Ind. 2015) (emphasis in original).

[6] Defense counsel filed a notice of appeal on August 10, 2015. On that same day, the State filed an additional objection to defense counsel's motion to reconsider the ruling on the motion to correct error. The notice of completion of clerk's record was issued on August 12, 2015.

## Discussion and Decision

[7] A motion to reconsider or rehear a motion to correct error does not extend time for taking an appeal. *Fancher v. State*, 436 N.E.2d 311, 312 (Ind. 1982). Once a timely motion to correct error has been denied, time for perfecting the appeal begins to run. *Id*. An exception arises if the trial court amends, modifies, or alters its original judgment, instead of denying the motion. *Id*. Under such circumstances, an adversely affected party may perfect an appeal, or may file his own motion to correct error, and thereby extend time for perfecting an appeal. *Id*.; *see also*, Ind. Trial Rule 59(F) ("Any modification or setting aside of a final judgment or an appealable final order following the filing of a Motion to Correct Error shall be an appealable final judgment or order."); *Calloway v. State*, 500 N.E.2d 1196, 1198 (Ind. 1986) (holding "under the circumstances of this case the [trial] court [judge] did not commit reversible error in correcting his ruling on the first motion [to correct error]").[3]

---

[3] In *Calloway v. State*, 500 N.E.2d 1196 (Ind. 1986), due to a recent decision clarifying the law at issue, a second motion to correct error was filed one week after the first motion was denied. Relying on the new case law, the trial court granted the second motion to correct error and set aside its earlier post-conviction relief judgment.

[8]     We do not have jurisdiction over this appeal because there has been no final judgment. Whether an order is a final judgment governs an appellate court's subject matter jurisdiction. *Georgos v. Jackson,* 790 N.E.2d 448, 451 (Ind. 2003). The lack of appellate subject matter jurisdiction may be raised at any time, and where the parties do not raise the issue, we may consider it *sua sponte. Id.* A party wishing to appeal the judgment of a trial court must file a notice of appeal within thirty days after the entry of the final judgment. Ind. Appellate Rule 9(A)(1). If a party timely files a motion to correct error, a notice of appeal must be filed within thirty days after the trial court's *ruling* on the motion, or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first. *Id.*

[9]     The trial court denied Regalado's motion to correct error and Regalado filed a motion to reconsider. On August 4, 2015, the trial court granted Regalado's motion to reconsider, set aside the denial of the motion to correct error, and indicated the motion to correct error was "pending." (App. at 17.) The court explicitly denied the State's motion to certify its August 4, 2015 order for interlocutory appeal. On August 6, 2015, the trial court set the "pending" motion to correct error for a hearing to be held on August 27, 2015.

[10]    The trial court scheduled the hearing on the pending motion to correct error within forty-five days after the original ruling on the motion was set aside, but the hearing could not take place because Regalado filed a notice of appeal. The motion to correct error had not been deemed denied under T.R. 53.3(A), and the trial court has yet to issue a ruling on the motion to correct error. Thus,

there is no final judgment for us to review, and we do not have jurisdiction over this case. *See* App. R. 5(A) ("the Court of Appeals shall have jurisdiction in all appeals from Final Judgments . . . ."); *see also*, *In re Estate of Botkins*, 970 N.E.2d 164, 168 (Ind. Ct. App. 2012) (appellate court did not have jurisdiction because appealed order was not a final judgment or appealable interlocutory order); *cf. Calloway*, 500 N.E.2d at 1198 (though prosecution filed a praecipe prior to trial court's ruling on second motion to correct error, trial court retained jurisdiction to make ruling, as record of proceedings had not yet been filed).

## Conclusion

This appeal is dismissed without prejudice.

Dismissed.

Najam, J., and Riley, J., concur.